**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-4396                                  Caption [use short title]

**Motion for:** Stay of Appeal

United States v. Gilberto Valle

Set forth below precise, complete statement of relief sought:

The Government moves to stay the defendant's

separate appeal of his Count Two conviction in

until the resolution of the Government's

appeal of the district court's order granting

the defendant's motion for judgment of acquittal

and/or a new trial on Count One.

**MOVING PARTY:** United States of America          **OPPOSING PARTY:** Gilberto Valle

☐ Plaintiff            ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** AUSA Randall W. Jackson          **OPPOSING ATTORNEY:** Edward Zas

[name of attorney, with firm, address, phone number and e-mail]

United States Attorney's Office - Southern District of New York | Federal Defenders of New York

One Saint Andrew's Plaza, New York, New York 10007 | 10 Duane Street, New York, New York

212-637-1029; randall.jackson@usdoj.gov | 212-417-8700; Edward_Zas@fd.org

Court-Judge/Agency appealed from: United States District Court for the Southern District of New York - Judge Paul G. Gardephe

**Please check appropriate boxes:**

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Has request for relief been made below? ☑ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☑ No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**

_____ **Date:** December 9, 2014     Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------X

UNITED STATES OF AMERICA,     :        **AFFIRMATION**

        Appellee,     :        **14-4396**

      -v.-     :

GILBERTO VALLE,     :

      Defendant-Appellant.  :

----------------------------------X

STATE OF NEW YORK      )
COUNTY OF NEW YORK    :   **ss.:**
SOUTHERN DISTRICT OF NEW YORK )

      RANDALL W. JACKSON, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

      1.   I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, and I represent the Government on this appeal. I submit this affirmation in support of the Government's motion to stay briefing in this appeal until the resolution of the Government's appeal in United States v. Valle, No. 14-2710.

### PRELIMINARY STATEMENT

      2.  Defendant-appellant Gilberto Valle, appeals from a judgment of conviction entered on November 14, 2014, in the United States District Court for the Southern District of New York, by the

Honorable Paul G. Gardephe, United States District Judge, following a jury trial. The jury found Valle guilty of a felony offense and a misdemeanor offense arising from Valle's plan to kidnap and torture at least five women and his use of a restricted database in support of that plot. The jury's finding of guilt on the felony offense was subsequently vacated by Judge Gardephe, and the Government appealed that decision in United States v. Valle, No. 14-2710. While that appeal was pending, Judge Gardephe sentenced Valle principally to time served on the misdemeanor offense. Valle filed a timely notice of appeal on November 21, 2014.

3.   As set forth in the remainder of this affirmation, the Government submits that its appeal challenging the District Court's decision to set aside the jury's verdict on the felony offense should be resolved before the parties submit any briefing that addresses Valle's challenge to his conviction of the misdemeanor offense. Structuring the briefing schedule in this fashion serves the interests of justice because the resolution of the Government's appeal will likely bear on the issues presented by Valle's challenge to his misdemeanor conviction and Valle will suffer no injury because he is not serving a custodial sentence at present.

## STATEMENT OF FACTS

4.     Indictment 12 Cr. 847 (PGG) (the "Indictment") was filed on November 15, 2012, in two counts. Count One charged Valle with kidnapping conspiracy, in violation of Title 18, United States Code, Section 1201(c), a felony offense. Count Two charged Valle with the unauthorized access of a restricted federal database, in violation of Title 18, United States Code, Section 1030(a)(2)(B), a misdemeanor offense. Valle was ordered detained after his arrest.

5.     Valle's trial commenced on February 25, 2013, and ended on March 12, 2013, when the jury found him guilty of both counts of the Indictment. During the trial, the Government introduced testimony and evidence demonstrating that Valle had plotted with three other individuals, in a series of online communications, to abduct and inflict violence on a number of women with whom Valle had personal connections.

6.     Following the jury's verdict, Valle moved for judgment of acquittal and a new trial on both Counts. On June 30, 2014, Judge Gardephe issued a decision granting Valle's motion as to Count One and denying his motion as to Count Two. *See* United States v. Valle, 301 F.R.D. 53, 115 (S.D.N.Y. 2014). The same day, Judge Gardephe granted Valle bail pending his sentencing. On July 29, 2014, the Government filed a notice of appeal in United States v. Valle, No. 14-2710.

3

7.    On September 18, 2014, the Government requested that Judge Gardephe delay Valle's sentencing on the misdemeanor offense until this Court resolved the Government's appeal of his decision to set aside the jury's guilty verdict on the felony offense. The Government cited this Court's decision in United States v. Camacho, instructing that "the filing of a notice of appeal normally divests the district court of jurisdiction over those aspects of the case involved in the appeal," 302 F.3d 35, 36 (2d Cir. 2002), and further argued that the interests of judicial economy weighed in favor of delaying sentencing until the resolution of the Government's appeal. On November 11, 2014, the District Court denied the Government's request that sentencing on the misdemeanor offense be delayed.

8.    On November 12, 2014, Judge Gardephe sentenced Valle to time served on the misdemeanor offense,[1] to be followed by one year of supervised release, with special conditions including a requirement that Valle refrain from having any physical, visual, written, electronic, or telephonic contact with any of the women identified by the Government as the targets of his kidnapping conspiracy, and that Valle not use a computer, Internet-capable device, or similar electronic device to access sexual fetish websites, including chat rooms or forums or other means by which users

---

[1] The statutory maximum sentence was one year of imprisonment, but Valle had served several months more than the statutory maximum by the time of his sentencing.

communicate with other individuals or groups about sexual fetishes. Judge Gardephe also imposed a $25 special assessment.

9.   On November 12, 2014, with the authorization of the Solicitor General of the United States, the Government filed its brief in <u>United States</u> v. <u>Valle</u>, No. 14-2710, with this Court. On November 20, 2014, Valle filed a motion for an extension of time to file his responsive brief. The Government consented to Valle's request that he be given until March 13, 2015 to file his brief. On November 25, 2014, this Court issued an Order setting March 13, 2015 as the filing date for Valle's brief. The Court further ordered that no further extensions would be granted.

<u>**ARGUMENT**</u>

<u>**The Court Should Stay Briefing of**</u>
<u>**Valle's Appeal of His Misdemeanor Conviction**</u>

10.   The Government submits that, given the seriousness of the crime that was the subject of jury's guilty verdict on the felony offense, the Government's appeal should be resolved as efficiently as is practicable. Indeed, the statutory scheme which required the Government to file its appeal shortly after Judge Gardephe's decision issued suggests that resolution of the Government's appeal should precede any further adjudication in this matter. Moreover, Valle has already served his sentence on the misdemeanor count and has been released. There is therefore little

5

conceivable prejudice to him from the delay of briefing on that appeal. Finally, resolution of the issues raised in the Government's appeal is in the interest of judicial economy. If the Government prevails in this Court, Valle will have to be sentenced in the District Court, and he would presumably raise many of the same issues in any such appeal that he would raise in an appeal of his misdemeanor conviction. The Court should therefore stay briefing in the instant appeal.

**A.     <u>Applicable Law</u>**

11. Rule 8 of the Federal Rules of Appellate Procedure governs motions for stays in the Court of Appeals. Rule 8, by its structure, is primarily concerned with motions to stay proceedings in the district court. <u>See</u> Fed. R. App. Proc. 8(a). The Rule, however, would also appear to permit the stay of proceedings in the Court of Appeals, particularly where, as here, the Government asserts that an error in the district court should be resolved before subsequent proceedings in the district court are addressed. In the context of addressing a motion for a stay of district court proceedings, this Court has instructed that the following factors should be considered: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

6

proceeding; and (4) where the public interest lies." <u>SEC</u> v. <u>Citigroup</u> <u>Global Markets, Inc.</u>, 673 F.3d 158, 162-63 (2d Cir. 2012). Here, where the question is simply delaying a briefing schedule rather than staying an actionable order in the district court, the first factor is essentially inapplicable.[2] As explained in more detail below, however, the other factors weigh in favor of delaying briefing on Valle's appeal of his misdemeanor conviction.

**B.   Discussion**

        12.   Valle was found guilty of conspiring to abduct and torture certain women. The evidence against him included numerous communications in which he described, in detail, his desires and plans to inflict pain on these women, who were all real individuals with whom Valle had interacted. Although the District Court granted Valle's motion for a judgment of acquittal on the felony count, Judge Gardephe found, even in his opinion granting Valle's motion, that Valle was indisputably "an individual obsessed with imagining women he knows suffering horrific sex-related pain, terror, and degradation." <u>Valle</u>, 301 F.R.D. at 61. Valle is a former police officer whom a jury of his peers concluded was plotting to engage in highly disturbing violence. He has now been released, having completed his sentence on the misdemeanor count. It is in the public

---

[2] The Government submits, however, that for all of the reasons set out in its brief in Case No. 14-2710, it is likely to succeed on the merits of it appeal in that case.

interest to resolve as quickly as possible the question of whether the jury's verdict on this serious felony offense should be reinstated.

13.   If the parties are forced to address Valle's misdemeanor on the same timeline under which they are briefing the Government's appeal of the District Court's decision to set aside the felony verdict, delay will likely ensue. Moreover, this Court's resolution of the issues raised in the Government's appeal may answer questions that would otherwise be briefed in both appeals. The efficient resolution of the Government's appeal of the decision to set aside the felony verdict, prior to briefing whatever issues may be raised in Valle's appeal of his misdemeanor conviction, is the most reasonable course for this Court to follow.

14.   Indeed, Title 18, United States Code, Section 3731 explicitly authorized the Government's appeal and required the Government to take its appeal "within thirty days" of Judge Gardephe's order. This scheme suggests that Congress considered the prompt resolution of such an appeal to ordinarily be a matter of paramount concern. The Supreme Court endorsed this view of statute in United States v. Loud Hawk, 474 U.S. 302, 312-13 (1986), in which the Court instructed that the prompt resolution of an appeal of an order dismissing an indictment could trump a defendant's Speedy Trial rights. The Court noted that "[t]he legislative history of 18 U.S.C.

§ 3731 makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." Id. (internal quotation marks omitted). Here, prompt resolution of the Government's appeal is consistent with the statutory scheme and in the public interest.

**C.   Valle Will Not Be Prejudiced By Delay of Briefing on Count Two**

15.   As described above, Judge Gardephe ordered Valle's release on bail immediately after issuing his decision granting Valle's post-trial motion on Count One and denying it on Count Two. Valle has now been sentenced for the misdemeanor offense, and is essentially at liberty, subject to the conditions of supervised release imposed by the District Court. Whatever the ultimate resolution of his misdemeanor appeal, Valle's freedom will not be impacted. Conversely, the Government and the public suffer an ongoing injury from any delay in the resolution of its appeal because if, the jury's verdict was correct, Valle should be sentenced on the felony offense and not remain at liberty.

**D.   Resolution of the Issues Raised in the Government's Appeal is in the Interest of Judicial Economy**

16.   First, while Valle has yet to file any brief in his appeal of the misdemeanor conviction, it seems certain that any appeal he files will depend on the same facts and raise many issues interlocking with the issues raised in the Government's appeal of

Judge Gardephe's decision to set aside the felony verdict. Allowing Valle's appeal of his misdemeanor conviction to proceed at this point raises a number of inefficient procedural possibilities.

17. For example, if the Government were to prevail in its appeal, this Court would remand the case to the District Court for sentencing on the felony verdict. Regardless of the outcome of Valle's misdemeanor appeal, this Court would then be forced to address separate appeals from Valle on Counts One and Two, which likely would touch on many of the same issues, but in the context of different Counts. This would be the very essence of inefficient and unnecessarily cumbersome appellate litigation.

18. Moreover, a number of the potential issues Valle could conceivably raise in his misdemeanor appeal are affected by the validity of the District Court's decision to vacate the jury's guilty verdict on the felony count. Even a question as basic as the reasonableness of the conditions of supervised release imposed by Judge Gardephe, which restrict his use of the web and impose limits on his contact with the targets of the felony offense, is potentially impacted by this Court's adjudication of the Government's appeal.

19. Resolution of the Government's appeal will likely narrow the issues to be raised in Valle's ultimate appeal and will avoid the need for duplicative litigation. That is, the Government's motion for a stay is in the interests of judicial economy, a concern

which has repeatedly cited by this Court. *See, e.g.,* Balintulo v. Daimler AG, 727 F.3d 174, 193 (2d Cir. 2013) ("the interests of judicial economy, and of the parties, are best served by holding this putative appeal under the collateral order doctrine in abeyance").

## CONCLUSION

20.  For all of the foregoing reasons, the Court should stay briefing in the instant appeal until the resolution of the Government's appeal in United States v. Valle, No. 14-2710.

Dated:   New York, New York
         December 9, 2014

                                        /s/
                              _____
                              RANDALL W. JACKSON
                              Assistant United States Attorney
                              Telephone: (212)637-1029

11

## CERTIFICATE OF SERVICE

Randall W. Jackson, deposes and says that:

1.    I am employed in the Office of the United States Attorney for the Southern District of New York.

2.    On December 9, 2014, I caused to be served a copy of the foregoing Affirmation by electronic transmission on:

Julia Gatto, Esq.
Robert Baum, Esq.
Edward Zas, Esq.
Federal Defenders of New York
Attorneys for Gilberto Valle

3.    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.


_____/s/_____
RANDALL W. JACKSON


Executed on December 9, 2014

12