```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------X
UNITED STATES OF AMERICA,           :    AFFIRMATION

        Appellee,                   :    14-2710
                                         14-4396
        -v.-                        :

GILBERTO VALLE,                     :

        Defendant-Appellant.        :
------------------------------------X

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :    ss.:
SOUTHERN DISTRICT OF NEW YORK  )
```

BROOKE E. CUCINELLA, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1.  I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, and I represent the Government on this appeal. I submit this affirmation in response to this Court's December 23, 2014 Order to show cause as to why the appeals docketed as 14-2710 and 14-4396 should not be consolidated.

**PRELIMINARY STATEMENT**

2.  At the conclusion of a three-week trial, a jury found defendant-appellee Gilberto Valle of one count of conspiracy to commit kidnapping, a felony, in connection with Valle's plan to kidnap and torture women, and one count of improper use of a

restricted database in support of that kidnapping plan, a misdemeanor. The jury's finding of guilt on the felony offense was vacated by Judge Gardephe on June 30, 2014. The Government appealed that decision in United States v. Valle, No. 14-2710, and filed its opening brief on November 12, 2014. While that appeal was pending, Judge Gardephe sentenced Valle principally to time served on the misdemeanor offense. Valle filed a timely notice of appeal on November 21, 2014, which was docketed under 14-4396, and the Government moved to stay that appeal on December 9, 2014.

   3. The Government submits that its appeal challenging the District Court's decision to set aside the jury's verdict on the felony offense should not be consolidated with Valle's appeal of his misdemeanor conviction to prevent any unnecessary delay in deciding the Government's appeal. Allowing the two appeals to proceed separately, and holding Valle's appeal of his misdemeanor conviction in abeyance, serves the interests of justice. This is because, despite the jury's verdict that Valle conspired to kidnap and torture women, Valle remains at large in the community and is not serving a custodial sentence. Consolidating these appeals would delay the Court's adjudication of the Government's appeal, which is scheduled to be fully briefed on March 27, 2015. Moreover, staying Valle's appeal from the misdemeanor judgment causes him no prejudice — much

less substantial prejudice — and will ultimately lead to judicial efficiencies.

## BACKGROUND

4.  On March 12, 2013, following a jury trial, Valle was found guilty of one count of conspiracy to commit kidnapping, in violation of Title 18, United States Code, Section 1201(c), a felony, and one count of unauthorized access of a restricted federal database, in violation of Title 18, United States Code, Section 1030(a)(2)(B), a misdemeanor offense. On June 30, 2014, Judge Gardephe issued a decision granting Valle's motion as to Count One and denying his motion as to Count Two. See United States v. Valle, 301 F.R.D. 53, 115 (S.D.N.Y. 2014). On July 29, 2014, the Government filed a notice of appeal in United States v. Valle, No. 14-2710, and on November 12, 2014, the Government filed its brief in that appeal. After being granted an extension, the defendant-appellee's responsive brief is due on March 13, 2015. This Court has stated that no further extensions will be granted.

5. On November 12, 2014, Judge Gardephe sentenced Valle to time served on the misdemeanor offense,[1] to be followed by one year of supervised release, with certain special conditions. Valle filed a timely notice of appeal on November 21, 2014, and the Government moved to stay that appeal on December 9, 2014. To date, no briefing schedule has been set in United States v. Valle, No. 14-4396.

**ARGUMENT**

**Consolidation of the Appeals Would Result in an Undue Delay in the Resolution of the Government's Appeal, and Such a Delay is Against the Public Interest**

6. Rule 3 of the Federal Rules of Appellate Procedure states that, when parties have filed separate, timely notices of appeal, the court of appeals may join or consolidate those appeals. See Fed. R. App. Proc. 3(b)(2). Consolidation is thus within the discretion of this Court. The Government respectfully submits that where, as here, two appeals have necessarily been proceeding on different schedules and consolidation would unnecessarily delay the resolution of one appeal, the Court should not consolidate the appeals.

---

[1] The statutory maximum sentence was one year of imprisonment, but Valle had served several months more than the statutory maximum by the time of his sentencing.

7. This is especially true here, given the seriousness of the offense at issue in the appeal that would be subject to unnecessary delay. It has been the Government's position from the time of indictment, throughout trial, and in the current pending appeal, that Valle was actively engaged in a plot to kidnap, torture and murder women he knew. And the jury agreed. The Government presented evidence at trial that included communications in which he described, in detail, his desires and plans to inflict pain on these women, who were all real individuals with whom Valle had interacted. The jury rejected Valle's claim that his conduct could be dismissed as "fantasy," and found him guilty of planning to kidnap women and engage in sexualized violence. Indeed, even though the District Court granted Valle's motion for a judgment of acquittal on the felony count, Judge Gardephe found that Valle was indisputably "an individual obsessed with imagining women he knows suffering horrific sex-related pain, terror, and degradation." Valle, 301 F.R.D. at 61. Valle has now been released and while he is on supervised release, he is under no electronic monitoring. Thus there is a compelling public interest in having the decision to set aside the jury's verdict on this serious felony offense reviewed by an appellate court and, if warranted, having Valle promptly sentenced for his commission of that offense.

8. Further, consolidating the appeals and delaying the resolution and potential re-instatement of the jury's verdict is inconsistent with the statutory scheme that authorizes the appeal in 14-2710. Title 18, United States Code, Section 3731, which authorized the Government's appeal, explicitly required the Government to take its appeal "within thirty days" of Judge Gardephe's order. This statutory requirement reflects the view of Congress that the prompt resolution of such an appeal to ordinarily be a matter of paramount concern. The Supreme Court endorsed this view of statute in United States v. Loud Hawk, 474 U.S. 302, 312-13 (1986), in which the Court instructed that the prompt resolution of an appeal of an order dismissing an indictment could trump a defendant's Speedy Trial rights. The Court noted that "[t]he legislative history of 18 U.S.C. § 3731 makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." Id. (internal quotation marks omitted). Here, prompt resolution of the Government's appeal is consistent with the statutory scheme and in the public interest; consolidation and the resulting delay is not.

9. Additionally, Valle has argued in his response to the Government's motion to stay the briefing in 14-4396 that the appeals present two distinct issues with little to no overlap.

6

Specifically, Valle suggests that the question presented in the misdemeanor appeal involves "a pure question of statutory interpretation," and thus its outcome will have no bearing on the Government's appeal relating to Count One. (Docket Entry 22 at 2). While the Government agrees that the two appeals raise distinct legal issues (which weighs against consolidation), it is also clear that if the Government prevails on the appeal of Count One, Valle will have to be sentenced in the District Court — a sentence that he will most likely appeal. As a result, Valle would presumably raise many of the same issues in any resulting appeal that he would raise in an appeal of his misdemeanor conviction in 14-4396. Thus, regardless of the outcome of Valle's misdemeanor appeal, this Court would then be forced to address separate appeals from Valle on Counts One and Two, which likely would touch on many of the same issues, but in the context of different Counts. Staying Valle's appeal in 14-4396 would allow for the Court to hear those appeals together, delaying only the resolution of 14-4396 which, as addressed more fully below, results in little to no prejudice to Valle.

10. Moreover, a number of the potential issues Valle could conceivably raise in his misdemeanor appeal are affected by the validity of the District Court's decision to vacate the jury's guilty verdict on the felony count. Even a question as basic as the

7

reasonableness of the conditions of supervised release imposed by Judge Gardephe, which restrict his use of the web and impose limits on his contact with the targets of the felony offense, is potentially impacted by this Court's adjudication of the Government's appeal. Further supporting this position is the fact that the resolution of the Government's appeal will likely narrow the issues to be raised in Valle's ultimate appeal and will avoid the need for duplicative litigation. Consolidation does not address these issues or allow for these efficiencies. Thus the most practical path forward is for the Court not to consolidate the appeals, but to decide the Government's appeal of the decision to set aside the guilty verdict on the felony offense, while holding Valle's appeal of his misdemeanor conviction in abeyance.

11. As noted above, Valle would suffer little to no prejudice if his appeal is held in abeyance. Valle was released on bail immediately after the jury's guilty verdict on the felony count was set aside. Valle has now been sentenced for the misdemeanor offense, and is essentially at liberty, subject to the conditions of supervised release imposed by the District Court. Thus, whatever the ultimate resolution of his misdemeanor appeal, Valle's freedom will not be impacted. If the cases are consolidated, however, the Government and the public suffer an ongoing injury from any delay

in the resolution of its appeal because, if the jury's verdict was correct, Valle should be sentenced on the felony offense and not remain at liberty.

## CONCLUSION

12. For all of the foregoing reasons, the Court should not consolidate the appeals in 14-2710 and 14-4396, and should stay briefing in 14-4396 until the resolution of the Government's appeal in United States v. Valle, No. 14-2710.

Dated:    New York, New York
          January 5, 2015

                                    _____/s/_____
                                    Brooke E. Cucinella
                                    Assistant United States Attorney
                                    Telephone: (212)637-2477

**CERTIFICATE OF SERVICE**

Brooke E. Cucinella, deposes and says that:

1. I am employed in the Office of the United States Attorney for the Southern District of New York.

2. On January 5, 2015 I caused to be served a copy of the foregoing Affirmation by electronic transmission on:

> Julia Gatto, Esq.
> Robert Baum, Esq.
> Edward Zas, Esq.
> Federal Defenders of New York
> Attorneys for Gilberto Valle

3. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

_____/s/_____
Brooke E. Cucinella